## LOWDER LAYTON *vs* POLLY BUTLER.

Dower is a right at common law; the right to have it assigned by the Orphans' Court is derived from the act of 1816.

The opinion in Coulter *vs,* Holland, (2 *Harr. Rep.* 334,) is to be so understood.

The statutes of Merton & Westm. 1, have always been in force in this State.

The act of 1816, was made to relieve dower from the encumbrances of the husband.

Damages for detention of dower were not recoverable at common law, but were given by the statute of Merton, from the death of the husband, *as against the heir.*

But as against the alienee of the husband damages are recoverable only from the time of demand and refusal.

THIS was a writ of error to the Supreme Court, in and for Sussex county, in an action of dower. The case was heard on appeal at the June term, 1847, before the *Chancellor,* and Judges *Booth, Milli-gan* and *Hazzard.* It was argued by *Layton* and *Bayard,* for plaintiff in error, and by *Cullen* and *Bates,* for the defendant.

The case below was an action of dower by Polly Butler (late Hammond,) against L. Layton, a purchaser of the land out of which dower was claimed.

The special verdict found that Isaac Hammond on the day of his marriage with demandant, and during coverture, was seized of such an estate of inheritance in the land as he could endow her of, and that being so seized, judgments were recovered against him under which the land was sold in 1821, to L. Layton, to whom a title was made by the sheriff; that Isaac Hammond died November 20, 1830; that afterwards the demandant married Joseph Butler, who is since deceased. The judgment was, that the demandant recover against said Lowder Layton, as well her seizin of one-third part of said lands and tenements, to hold to her in severalty by metes and bounds, as the value of one-third part of said lands from the time of the death of her husband, Isaac Hammond·; which the commissioners laid off and assessed accordingly.

The main points of the argument for the plaintiff in error were: 1st. That damages for the detention of dower could not be recovered at common law, nor by the statute of Merton, only where the husband *died seized* of the land; that our dower act of 1816, merely restored this right, it being considered before that act that the widow was deprived of dower by a sale of the land on judgments against the husband.

2d. That damages could be recovered only from the demand, and not from the death of the husband.

For the demandant, the argument was that dower is under our act of 1816, which gives also in satisfaction of rents and profits "reasonable damages;" sufficient to compensate for the loss of the land ; which must be from the death of the husband.

The Chief Justice delivered the opinion of the Court.

BOOTH, *Chief Justice*.—In this State, the right of a wife to be endowed, for the term of her natural life, of the one-third part of all the real estate, whereof her husband was seized of an estate of inheritance, at any time during the coverture, is a right under the common law; and not derived from any act of assembly. By the first section of the act concerning dower, partition, and waste, contained in the *Dig*. 164, the common law proceedings in the action by writ of dower unde nihil habet, are simplified ; and by other acts, in addition to the remedies at law and in equity, dower may be assigned upon petition, by an order of the Orphans' Court. These several acts of the legislature did not create the right of dower; but merely modified in one case, a common law remedy; and gave in the other, an expeditious and summary remedy unknown to the common law. It is said in the reported opinion of the Court of Errors and Appeals,

in the case of Coulter *vs.* Holland, (2 *Harr.* 334,) that "the right to dower is derived from the act of assembly;" and hence it has been argued, that dower is a right not at common law; but exists only by virtue of our acts of assembly. The expression is to be taken in reference to the matter before the court, and its true meaning ascertained from the context. It is apparent in reading the opinion, that the court only decided, that the right to have dower assigned by the Orphans' Court, was a right derived from the act of assembly; and that the mode in which it was laid off in the case of Coulter *vs.* Holland, was not illegal. But the court did not, nor did they mean to decide, that dower itself existed only by virtue of our acts of assembly, and was not derived from the common law. The statute of Merton, 20 *Hen.* 3, and the statute of Westminster 1, 3 *Edward* 1, are, and always were in force in this State; and in all cases where the widow was entitled to dower, she might have proceeded for its recovery at law, by the writ of dower unde nihil habet; although such action was but seldom used. Prior to the act of 1816, (*Dig.* 167,) it was the common opinion in this State, that the wife's dower was subject to be defeated by the liens or incumbrances of the husband. The rights of his creditors were supposed to be paramount to his widow's right of dower, as well as to the rights of his heirs and devisees. By the act of 1816, the common law was restored, and since then, the wife's dower cannot be barred by the alienation or incumbrances made or suffered by the husband, unless she shall have relinquished her right of dower, by her own voluntary act and deed, in the manner prescribed by the laws of this State.

Dower unde nihil habet is a real action in the nature of a writ of right; and therefore, by the common law, no damages were recoverable by the wife for its detention. But by the statute of Merton it was enacted, that where widows are deforced of their dower, and cannot have it *without plea,* they who deforced them of their dower of the lands *whereof their husbands died seized,* shall, upon the recovery thereof by such widows, yield them damages, that is to say; the value of the whole dower, (namely, the one-third of the annual profits of the land) from the death of the husband unto the day that the widow, by the judgment of the court, has recovered seizin of her dower. Where the husband has aliened the lands, no damages can be recovered by the widow against the alienee, without a demand of dower and a refusal; and then, only from the time of making the demand. Where the husband dies seized of the inheritance, as the

possession immediately devolves on the heir, damages may be recovered against him from the time of the husband's death. But according to *Co. Litt.* 32, *b.*, the heir may save himself from damages, if he comes into court upon the summons the first day, and pleads that he has always been ready, and yet is ready to render dower, and prays that she may not have damages; in which case, if the wife has not requested her dower, she loses her damages. But if to the plea, she replies a demand of her dower, and issue is thereupon taken and found for her; she recovers damages from the death of her husband. If the heir succeeds on the issue, he is saved from damages from the time of the husband's death; but still the widow recovers damages from the teste of the original writ; which in law is considered as a demand. So too, in the case of the husband's alienee, damages are given from the time of suing out the writ, although no demand was in fact made. It seems necessary therefore, to entitle the widow to damages, either against the alienee, or the heir, that she should make a demand of her dower previous to bringing her action of dower unde nihil habet. By the damages in this action are meant the one-third of the annual profits of the land beyond all reprises, (that is, after deducting land taxes, repairs, &c.,) and also, such damages as the wife has sustained by the detention of her dower, which in the inquisition taken upon a writ of inquiry, are usually assessed severally; although it is said, damages may be given generally, without finding the value of the land.

By the record in this case, it appears that the present suit is an action by writ of dower unde nihil habet. The summons is almost in the words of the form of the writ contained in *Chitty's Pleadings, vol.* 3, 1311; and the declaration substantially agrees with the form given in the same volume, p. 1315. The first section of the act of assembly, (*Dig.* 164, 165,) was intended to simplify the proceedings in the common action of dower. Therefore, when it is said that "the demandant shall recover reasonable damages for the detention of her dower," it is to be understood, that damages are to be given, in case of the alienee of the husband, from the time of a demand and refusal; and in the case of the heir, from the time of the death of the husband; unless the heir pleads with success, *tout temps prist;* in which case damages are to be assessed from the time of issuing the writ. The same section also enacts, that the damages shall be a satisfaction of any demand on account of rents and profits; by which it is clearly intended, that the rents and profits, beyond re-

prises, should be included in the damages for the detention of dower; and not be assessed severally, as they would have been, before the passage of the act.

The judgment for dower by metes and bounds, is founded on the common law. The judgment for damages and costs is given by statute. As they are distinct from each other, the former may be affirmed on a writ of error, and the latter reversed. In this case, the return of the freeholders to the Superior Court, in which it appears that damages were assessed from the death of the husband, instead of from the time of issuing the writ, was affirmed by the court, as is usual under our practice, when no objections are made to a return. The judgment rendered by the court below, that the demandant recover damages from the time of the death of the husband, is clearly erroneous, and is therefore reversed; and the judgment, that the demandant recover seizin of her dower, to hold to her in severalty by metes and bounds, as laid off by the freeholders, is affirmed.

*Layton* and *Bayard,* for plaintiff.
*Cullen* and *Bates,* for defendant.